## MICHIGAN PATENTS CORPORATION
### v. COE, Commissioner of Patents.
### Civ. A. No. 23734.

District Court of the United States
for the District of Columbia.

March 7, 1945.

Beaman & Langford, of Jackson, Mich., and Lloyd W. Patch, of Washington, D. C., for plaintiff.

W. W. Cochran, Solicitor, of Washington, D. C., for defendant.

BAILEY, Justice.

This is an action under R.S. 4915, U.S. C.A. title 35, § 63, in which the plaintiff seeks to have the Court authorize the allowance of a claim to a connector and hose assembly designed to prevent the accumulation of static electricity in airplane parts. The assembly, which may be used as a part of the fuel supply system, comprises a hose which is made of natural or synthetic rubber, in which are incorporated particles of carbon or a similar substance, so that the hose becomes an electrical conductor. The ends of the hose are coupled to metal tubes in such a way that the material of the hose is confined under pressure in firm engagement with the metal of the tubes, thus insuring a good electrical contact.

Plaintiff's claim is as follows: "For use with the fixed parts of vehicles adapted to act as condensers of electrical charges of different potential, which during the operation of the vehicle are subject to extreme vibrations, a flexible fluid conducting hose and connector assembly comprising a flexible fluid conducting hose in the form of a tube of rubber-like material of sufficient electrical conductivity throughout its length to enable the tube to be classified as an electrical conductor comparable with metallic conductors, of metallic electrical conductive hose means located at opposite ends of said tube and having at their extremities connector portions which in use are rigidly and electrical conductively connected to said parts, said coupling means at each end of said tube including electrical conductive metallic parts located upon the inside and outside of said tube between which the tube is compressed and with which a substantial axially extending portion of an electrical conductive surface of said tube is in firm conductive engagement, whereby said hose and coupling means 'function as a permanent vibration proof electrical conductive element between said parts for the equalization of the electrical potential of said parts with said vehicle in operation."

The plaintiff concedes that the invention in issue is neither in the end fitting nor the conductive hose, but claims that the combination of these elements is new and is an advancement on the prior art. The Patent Office has rejected the claim on the patents to McKesson, White and Turman. McKesson discloses a rubber tube which is made conductive by the proper proportion of carbon black, as in the plaintiff's. White discloses an end fitting similar to that of the plaintiff. His Exhibit No. 11 shows a conventional connection of a rubber tube and a metal one which is in common use and similar to plaintiff's, and plaintiff's claim is broad enough to include this.

It may be said, in addition, that plaintiff's claim refers to his tube being "compressed" between certain metallic parts. The testimony of a witness of the plaintiff was that rubber cannot be compressed and that it was not compressed in plaintiff's invention. The plaintiff now seeks to file an amended claim. The claim, as amended, however, has not been passed upon by the Patent Office and leave to amend will be denied.

I agree with the Patent Office that plaintiff's claim does not show invention over the prior art, and the complaint will be dismissed.